MECHANICS' SAVINGS INSTITUTION, Defendant in Error, *v.* JOHN FINN, Plaintiff in Error.

### January 31, 1876.

In a suit to charge the indorser of a promissory note, an allegation that plaintiff had notice of demand and protest is sufficient to warrant the introduction of proof of due notice of demand and refusal to pay by the maker, and is good after verdict.

ERROR to the St. Louis Circuit Court.

*Affirmed.*

*M. Kinealy*, for plaintiff in error, cited: Edw. on Bills (2d ed.), 633, 674; Price *v.* McClare, 6 Duer (N. Y.), 544; Bank of Columbia *v.* Lawrence, 1 Pet. 578; Stephenson *v.* Primrose, 8 Port. (Ala.) 155; Granite Bank *v.* Ayers, 16 Peck (Tenn.), 392; Commercial Bank *v.* Strong, 28 Vt. 316.

*I. C. Terry*, for defendant in error.

BAKEWELL, J., delivered the opinion of the court.

This is a suit on a negotiable promissory note, on which defendant is alleged to have been accommodation indorser, and which was made payable at plaintiff's counter, and was discounted by plaintiff before maturity.

The petition is inartificially drawn, and alleges that " said note was not paid at maturity, though demanded at the Mechanics' Savings Institution, and the same was protested for non-payment, of which demand and protest defendant had notice." The essential thing to hold the defendant as indorser was that he should have due notice of demand on the maker and refusal by him to pay ; protest was entirely unnecessary, and need not be alleged to charge the defendant.

The answer denies every material allegation of the petition, and sets up a special defence, which is traversed in the replication, and as to which there is no attempt at proof. On the trial, defendant objected to the introduction in evidence of the note sued on, on the ground that the petition did not set up facts sufficient to constitute a cause of action in this, that it failed to state that defendant had due notice of demand of payment or refusal by the maker to pay. The objection was overruled and the note admitted.

The protest, with the affidavit of the notary, were then offered in evidence. The certificate of protest set forth demand at the Mechanics' Savings Institution, refusal, protest, and due notice to the parties concerned, in the manner following : " * * * To John Finn, at his place of business, with man in charge (P. O'Connor)."

The plaintiff objected to the introduction of the protest, on the ground that it was incompetent and irrelevant, and failed to set forth any due notice to defendant of demand on the maker and refusal. The objection was overruled.

Plaintiff then introduced as a witness the notary, who swore that, on the day of the maturity of the note, he left a written notice of demand on the maker, and refusal to pay, at the place of business of defendant, Sixth and O'Fallon streets, with Patrick O'Connor, the man in charge ; that he believed it was defendant's place of business because his name was over the entrance, and the man

in charge said Finn's desk was there, and his mail received there. Defendant was then sworn as a witness for plaintiff, and testified that, at the date of the service of notice, he considered the office at Sixth and O'Fallon his place of business, but was not engaged in any business, and had rented out the office to Reilly & Co. He used Daly's store, the office of his attorney, and that office, indifferently.

The court, at the instance of defendant, gave the following instruction: "If, at the maturity of the note sued on, the premises at which the notice of protest was left by the notary was not in the possession of the defendant, that other parties were carrying on business there, that defendant was not then carrying on any business or employment there at that date, but merely went there for letters, or made it a place of resort, then said notice of demand and refusal was insufficient in law to hold defendant liable on said note."

There was a verdict and judgment for defendant. Motions in arrest and for a new trial were overruled, and all exceptions were saved.

A careful pleader would have alleged that "at the date of the maturity of the note he presented the same for payment to the maker thereof, at the Mechanics' Savings Institution, and demanded payment of the same, and payment was refused, of which facts he *then and there* gave *due* notice to defendant." Does the petition, as it stands, warrant the introduction of evidence to prove this essential fact of *due* notice to the indorser?

On the whole, we think it does. It avers that defendant had notice of demand and of protest for non-payment. A notice that is not due and sufficient is no notice at all; and a notice of protest for non-payment is a notice, by implication, of demand and refusal.

Every fact essential to a recovery was fully proved. It would have been far safer and better for the plaintiff to

have asked leave to amend when the objection was made to the introduction of evidence, but we shall not disturb the verdict. The judgment of the Circuit Court is affirmed. The other judges concur.